IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTO ISABEL RAMOS and JOSE ROBERTO CAPETILLO, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 5:15-CV-1042-RP |
| ROBERTO NUNEZ BELTRAN and JOSE VERDIN, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the above-entitled action. On September 23, 2016, Defendants filed a Motion for Leave to Designate Responsible Third Parties. (Dkt. 10). Having reviewed all related pleadings, the relevant law, and the factual record, the Court hereby **GRANTS** Defendants' motion.

## I. Background

The instant action arises from a motor vehicle collision. (Pls.' Original Pet., Dkt. 1-3, at 2). Plaintiffs brought suit in September of 2015. (*Id.* at 1; Defs.' Notice Removal, Dkt. 1, at 1). Defendants removed the action to federal court in November of 2015.

Defendants filed the instant motion on September 23, 2016, alleging that Plaintiffs were employed by G&F Oilfield Services ("G&F"); that Plaintiffs were acting in the course and scope of that employment when the accident in question occurred; and that Plaintiff Capetillo was charged with driving while intoxicated prior to seeking work with G&F. (Defs.' Mot. Leave Designate, Dkt. 10, at 1–2). The motion also alleges that Defendant Beltran, who was operating Defendant Verdin's tractor at the time of the accident, was forced into the oncoming lane by a passing water pipe truck. (*Id.* at 2–3). As such, the motion seeks leave to designate both G&F and the unidentified driver of the water pipe truck ("Driver") as responsible third parties.

1

Plaintiffs filed their Response to Defendants' motion on October 13, 2016, (Dkt. 12), exceeding both the fifteen-day deadline provided in the Texas Civil Practice & Remedies Code and the seven-day deadline provided by Local Rule CV-7(e)(2). Tex. Civ. Prac. & Rem. Code §33.004(f); W.D. Tex. Local Rule CV-7(e)(2).[1] In their Response, Plaintiffs argue that Plaintiff Capetillo had a valid license on the date of the accident; that the previous suspension of Mr. Capetillo's license is factually irrelevant to the current suit and that granting leave to designate G&F as a responsible third party would therefore be "frivolous"; that Defendants failed to provide more than a scintilla of evidence that the potential third party Driver existed; and that designating the Driver as a responsible third party would be "confusing." (Pls.' Resp., Dkt. 12, at 3–6).

## II. Standard of Review

Defendants removed this action to federal court alleging jurisdiction based on diversity of citizenship. (Defs.' Notice Removal, Dkt. 1, ¶ 7). In diversity cases, courts apply federal procedural and evidentiary rules and the substantive laws of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Federal district courts sitting in Texas have repeatedly held that § 33.004 of the Texas Civil Practice and Remedies Code is substantive law. *See, e.g.*, *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F.Supp.3d 686 (E.D. Tex. 2014); *Viceroy Petroleum, LP v. Tadlock Pipe & Rentals, Inc.*, No. 5:14-CV-6-DAE, 2014 WL 5488422, at *3 (W.D. Tex. 2014).

Pursuant to Texas Civil Practice and Remedies Code § 33.004(a), "a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate . . . on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." Tex. Civ. Prac. & Rem. Code § 33.004(a). The Court then "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the motion is served." *Id.* § 33.004(f). However, if

---

[1] On the same day Plaintiffs filed their Response, Defendants filed a motion urging the Court to grant their requested relief pursuant to § 33.004(f) of Texas's Civil Practice and Remedies Code. (Defs.' Mot. Enter Order, Dkt. 11).

an objection to the motion for leave is timely filed, the court may deny leave to designate the proposed responsible third parties if the objecting party establishes that the defendant did not plead sufficient facts concerning the alleged responsibility of the party to satisfy the pleading requirements of the Texas Rules of Civil Procedure. *Id.* § 33.004(g).

## II. Discussion

As Defendants note in their Motion to Enter Order, (Dkt. 11), Plaintiffs did not respond to Defendants' Motion for Leave to Designate until well after the fifteen-day deadline provided by § 33.004(f). As such, Defendants' Motion for Leave to Designate must be granted. The Court notes, however, that Plaintiffs also failed to meet the standards of § 33.004(g). Plaintiffs argued that granting Defendants' Motion for Leave to Designate would be "frivolous" or "confusing," not that Defendants did not plead sufficient facts concerning the alleged responsibility of the party to satisfy the pleading requirements of the Texas Rule of Civil Procedure.

## IV. Conclusion

For the reasons stated herein, the Court hereby **GRANTS** Defendants' Motion for Leave to Designate, (Dkt. 10). As such, **IT IS HEREBY ORDERED** that Defendants' Motion to Enter Order, (Dkt. 11), is deemed **MOOT**.

**SIGNED** on December 20, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE