IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTO ISABEL RAMOS and JOSE ROBERTO CAPETILLO, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 5:15-CV-1042-RP |
| ROBERTO NUNEZ BELTRAN and JOSE VERDIN, | | |
| Defendants. | | |

## ORDER

Before the Court is the above-entitled action. On November 30, 2016, Plaintiffs filed a Motion to Exclude the Testimony of Defense Expert Dr. Gordon L. White. (Dkt. 15). In response, Defendants filed a Motion to Strike. (Dkt. 20). Having reviewed the pleadings, the relevant law, and the factual record, the Court hereby **DENIES** Plaintiffs' Motion to Exclude and **TERMINATES** Defendants' Motion to Strike.

### I. Background

The instant action arises from a motor vehicle collision. (Pls.' Original Pet., Dkt. 1-3, at 2). Plaintiffs brought suit in September of 2015. (*Id.* at 1; Defs.' Notice Removal, Dkt. 1, at 1). Defendants removed the action to federal court in November of 2015.

The Scheduling Order in this case was entered on April 5, 2016. (Dkt. 7). Defendants filed their Designation of Expert Witnesses, which named Dr. Gordon L. White ("Dr. White") as a retained expert, on August 29, 2016. (Dkt. 9). Plaintiffs deposed Dr. White on November 3, 2016 and filed the instant Motion to Exclude on November 30, 2016. (Dkt. 15). Defendants subsequently filed their Motion to Strike, which argues that Plaintiffs' Motion to Exclude should be stricken because it was filed sixteen (16) days after the relevant deadline. (Dkt. 20).

## II. Legal Standard

Federal Rule of Civil Procedure 16 provides that a Scheduling Order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The same rule provides that the court may issue any just order if a party or its attorney fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1).

## II. Discussion

The Scheduling Order in this case provides as follows:

> An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from the completion of the expert's deposition, if a deposition is taken, whichever is later.

(Scheduling Order, Dkt. 7, ¶ 6). Defendants filed their Designation of Expert Witnesses on August 29, 2016, and Plaintiffs deposed Dr. White on November 3, 2016. As such, Plaintiffs' Motion to Exclude—filed pursuant to Rule 702[1]—was due on or before November 14, 2016. *See* W.D. Tex. Local Rule CV-6; Fed. R. Civ. P 6(a)(1). The motion was in fact not filed until November 30, 2016, sixteen (16) days after that deadline.

## IV. Conclusion

Plaintiffs filed the instant Motion to Exclude more than two weeks after the deadline provided in the Scheduling Order. They did not address their failure to comply with that deadline or attempt to explain it to the Court. As such, and pursuant to its authority under Federal Rule of Civil Procedure 16, the Court hereby **DENIES** Plaintiffs' Motion to Exclude (Dkt. 15). In light of that

---

[1] Plaintiffs' motion references Rule 702 several times. (Pls.' Mot. Exclude, Dkt. 15, ¶¶ 7, 11). While the motion also repeatedly references *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), the Advisory Committee notes to the 2000 Amendments to the Federal Rules of Evidence specifically state that Rule 702 was amended in response to *Daubert* and its progeny.

ruling, the Court also **ORDERS** that Defendant's Motion to Strike, (Dkt. 20), is hereby **TERMINATED**.

SIGNED on December 22, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE